# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David A. Moe, )<br>)<br>          Petitioner, )<br>)<br>    vs. )<br>)<br>Chad Pringle, Warden, )<br>)<br>          Respondent. ) | Case No. 3:15-cv-98<br><br>**REPORT AND RECOMMENDATION** |

David A. Moe (Moe) petitioned for habeas relief under 28 U.S.C. § 2254. (Doc. #1). After preliminary review, the court ordered service on the respondent. (Doc. #3). The respondent has moved to dismiss the habeas petition, (Doc. #7), and Moe has responded to that motion, (Doc. #13; Doc. #14).

## Summary of Recommendation

In his petition, Moe alleges (1) a violation of his Fourth Amendment rights, (2) prosecutorial misconduct, and (3) ineffective assistance of trial counsel.[1] (Doc. #1, pp. 9, 13-23). This court concludes, however, that Moe's claims for habeas relief are barred by the statute of limitations, and that Moe is not entitled to equitable tolling of the one-year limitation period. Accordingly, Moe's petition for habeas relief should be dismissed.

---

[1] It is unclear whether Moe also asserts claims of ineffective assistance of post-conviction relief counsel and irregularities in the state post-conviction relief proceedings. (See Doc. #1, pp. 10-14, 17, 24). To the extent that he raises those claims, they are not cognizable in a federal habeas petition. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."); Williams-Bey v. Trickery, 894 F.2d 314, 317 (8th Cir. 1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.").

**Background**

In two 2005 cases, Moe pleaded guilty to multiple drug crimes. In the first case, he pleaded guilty to possession with intent to deliver marijuana, possession of drug paraphernalia, and possession of marijuana by a driver. (Resp. Ex. #13). The state district court sentenced him to four years of imprisonment on the possession with intent to deliver marijuana conviction, and to one year of imprisonment on each of the other two convictions, all to be served concurrently. Id. The criminal judgment in the first case was entered on August 24, 2005. Id.

In the factually-related second case, Moe initially pleaded guilty to possession with intent to deliver marijuana and to two counts of possession of drug paraphernalia. (Resp. Ex. #20). The state district court sentenced him to seven years of imprisonment on the possession with intent to deliver marijuana conviction, and to one year of imprisonment on each of the possession of drug paraphernalia convictions, all to be served concurrently. Id. The state district court ordered that the sentences imposed in the second case be served consecutively to those imposed in the first case. Id. A criminal judgment in the second case was also entered on August 24, 2005. Id.

Moe was also charged in the second case with possession with intent to manufacture psilocybin and possession with intent to deliver methamphetamine. After the August 24, 2005 criminal judgment was entered in the second case, Moe pleaded guilty to the remaining two charges. The state district court sentenced him to fourteen years of imprisonment on both the possession with intent to manufacture psilocybin and possession with intent to deliver methamphetamine convictions, to be served concurrently. (Resp. Ex. #22). The state district court also ordered that those fourteen-

2

year concurrent sentences be served consecutively to both the sentences imposed earlier in that second case, and also to the sentences imposed in the first case. Id. Another criminal judgment was entered in the second case, on the possession with intent to manufacture psilocybin and possession with intent to deliver methamphetamine convictions, on November 4, 2005. Id.

Moe did not appeal any of the criminal judgments. But, on February 3, 2006, he filed a motion for reduction of his sentences in both cases under North Dakota Rule of Criminal Procedure 35(b). (Resp. Ex. #23). The state district court denied Moe's motions on February 16, 2006, (Resp. Ex. #25), and Moe did not appeal that order.

Moe did not file a state post-conviction relief application until December 11, 2013. (Resp. Ex. #27). The state district court dismissed that application, finding that it was barred by the two-year time limitation provided in North Dakota Century Code section 29-31.1-01(2), which became effective in 2013. (Resp. Ex. #35). Moe appealed, and on April 28, 2015, the North Dakota Supreme Court affirmed the dismissal of his post-conviction relief application. Moe v. State, 862 N.W.2d 510 (N.D. 2015).

**Habeas Petition**

Moe alleges that police conducted an illegal search when they used a drug-sniffing dog to conduct a "walk around" of the outside of his residence and carport without consent or a search warrant.[2] (Doc. #1, p. 13; Doc. #13, pp. 3-6). The drug-sniffing dog alerted officers to the presence of controlled substances inside the residence and carport. (Doc. #13-3, p. 1). Moe contends that officers used information from the

---

[2] The search relates only to Moe's drug convictions in the second case. It appears Moe's habeas petition challenges only the judgments of conviction in the second case.

allegedly illegal "walk around" to obtain a search warrant for his residence. (Doc. #1, p. 19).

Moe also alleges that the prosecutor violated his due process rights (1) by directing a police officer not to inform the court that the alleged illegal search had occurred, (2) by prosecuting him based on evidence that was obtained during the alleged illegal search[3] and pursuant to the search warrant that was issued after the alleged illegal search, and (3) by not informing him and his counsel that officers used a drug-sniffing dog prior to obtaining a search warrant. Id. at 14-16, 18-19.

Lastly, Moe alleges that his trial counsel was ineffective (1) by failing to seek suppression of evidence obtained in violation of the Fourth Amendment, (2) by failing to hire an expert to test mushrooms seized during the search, (3) by failing to determine whether the landowner had authority to give officers permission to search the carport, (4) by failing to determine whether officers searched a garbage dumpster prior to obtaining a warrant, (5) by failing to determine if items found in the dumpster belonged to Moe, and (6) by failing to determine whether peat moss seized during the search pursuant to a warrant belonged to Moe or how that peat moss was used. Id. at 17-22.

**Law and Discussion**

Moe's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). Under the AEDPA, the one-year limitation period starts to run from the latest of several possible triggering dates, including the

---

[3] Moe states that during the "walk around," officers found materials consistent with a "mushroom grow." (Doc. #1, pp. 14-17).

4

date on which a state court judgment became final by the conclusion of direct review or by the expiration of time for seeking such review, or on the date on which the constitutional right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(A) and (C).

Moe does not dispute that his habeas petition is time-barred if the triggering dates are the dates on which the state court judgments became final.[4] See 28 U.S.C. § 2244(d)(1)(A). Moe's convictions became final on September 26, 2005, and on December 5, 2005.[5] The one-year periods were tolled for nearly two months while Moe's motion for reduction of sentences was pending—from February 3, 2006 (the date he filed the motion) until March 20, 2006 (the date the appeal period ended).[6] Excluding that tolled time period, his deadlines for filing a federal habeas petition with respect to each of the criminal judgments were November 13, 2006, and January 22,

---

[4] The state district court entered the criminal judgments of conviction on August 24, 2005, and on November 4, 2005. (Resp. Ex. #20; Resp. Ex. #22). Moe had thirty days from those dates to file appeals. N.D.R.App.P. 4(b)(1)(A). Moe did not appeal the judgments of conviction.

[5] Two distinct limitation periods apply to Moe's federal habeas petition. His claims challenging the August 24, 2005 judgment of conviction have a separate limitation period from those challenging the November 4, 2005 judgment of conviction. See DeCoteau v. Schweitzer, 774 F.3d 1190, 1192 (8th Cir. 2014) (holding that "the statute of limitations in 28 U.S.C. § 2244(d)(1) applies to each claim within an application").

[6] "[A] properly filed application for State post-conviction or other collateral review" tolls the one-year period. 28 U.S.C. § 2244(d)(2). A motion for reduction of sentence under state law, which is not part of the direct review process, is considered an application for collateral review which tolls the AEDPA's statute of limitations. Wall v. Kholi, 562 U.S. 545 (2011).The AEDPA statute of limitations was therefore tolled from the date that Moe filed his Rule 35 motion, until the court issued a decision on that motion and Moe's period to appeal that decision ended.

2007.[7] Moe did not place his federal habeas petition in the prison mail until October 13, 2015, (Doc. #1, p. 24), nearly nine years after the latest one-year limitation period expired.[8] Moe's habeas petition is therefore time-barred under 28 U.S.C. § 2244(d)(1)(A).

Moe, however, contends that the Supreme Court's March 26, 2013 decision in Florida v. Jardines, 133 S.Ct. 1409 (2013), which held that the government's use of drug-sniffing dogs around an individual's residence is a search under the Fourth Amendment, triggered the one-year limitation period under 28 U.S.C. § 2244(d)(1)(C). (Doc. #1, pp. 5, 8-9). If § 2244(d)(1)(C) applies, the AEDPA limitation period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (Emphasis added).

Jardines has not been determined retroactively applicable to convictions which had become final prior to the date of the decision—March 26, 2013. See United States v. Johnson, 457 U.S. 537, 562 (1982) (holding that a decision of the Supreme Court "construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered") (emphasis added); United States v. Purifoy, Nos. 08-20238 and 11-15044, 2014 WL 1672119, at *6 (E.D. Mich. Apr. 28, 2014) ("Because Jardines was not decided until after defendant's conviction

---

[7] The one-year periods would have ended on Saturday, November 11, 2006, and Saturday, January 20, 2007. Under Federal Rule of Civil Procedure 6(a)(1)(c), the periods continued to run until the Mondays following those dates.

[8] Moe's December 11, 2013 state application for post-conviction relief did not toll the AEDPA's limitation periods, because the limitation periods had expired prior to Moe filing that application.

became final, it cannot be used to retroactively attack the validity of his conviction.") (citations omitted). Moe's convictions became final on September 26, 2005, and December 5, 2005, many years prior to the March 26, 2013 Jardines decision. Section 2244(d)(1)(C) is therefore inapplicable to Moe's claims, and his habeas petition is time-barred under § 2244(d)(1)(A).

As a matter of equity, if a petitioner establishes sufficient reason, a court may toll the AEDPA statute of limitations. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 640 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002). Equitable tolling may be invoked in limited cases such as "when circumstances over which a prisoner has no control make it impossible to file a timely petition." Id. (emphasis added). Thus, the doctrine of equitable tolling provides an extremely narrow avenue for this court to consider an otherwise time-barred petition.

Moe does not contend that any extraordinary circumstance prevented him from filing a timely habeas petition. This is therefore not one of the extremely few cases in which equitable tolling is warranted.

## Conclusion

Moe's claims for habeas relief are barred by the statute of limitations, and he is not entitled to equitable tolling of the AEDPA one-year limitation period. Accordingly, it is **RECOMMENDED** that respondent's motion to dismiss be **GRANTED**, and Moe's petition for habeas relief be **DISMISSED** with prejudice.

Based upon the entire record, the district judge should conclude that dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. It is therefore **RECOMMENDED** that a certificate of appealability not be issued by this court. See Tiedemann v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under § 2253(c)). It is further **RECOMMENDED** that the court find that any appeal would br frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 10th day of May, 2016.

                                             /s/ *Alice R. Senechal*
                                             Alice R. Senechal
                                             United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than May 27, 2016, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.